# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| LEE MARL LITTLE, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MEMPHIS POLICE DEPARTMENT, et ) <br> al., ) <br> ) <br> Defendants. ) | No. 2:19-cv-02282-TLP-tmp <br><br> JURY DEMAND |

### ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2) OR PAY THE $400 CIVIL FILING FEE

Plaintiff Lee Marl Little, Jr.[1] sued pro se under 28 U.S.C. § 1331. (ECF No. 1.) But Plaintiff did not pay the $ 400 civil filing fee nor did he move for leave to proceed in forma pauperis.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)–(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d. 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b)(2). That said, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an in forma

---

[1] Plaintiff, Bureau of Prisons register number 30479-076, is incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis").

pauperis affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the last six months immediately preceding the filing of the complaint. § 1915(a)(2).

In this case, Plaintiff did not submit the required materials to request pauperis status nor did he pay the filing fee. So Plaintiff is ORDERED to submit within thirty (30) days after the date of entry of this Order either the entire $400 civil filing fee[2] or a properly completed and executed application to proceed in forma pauperis along with a certified copy of his inmate trust account statement for the last six months. If Plaintiff needs additional time to file the required document, he may request one thirty-day extension of time from this Court. *McGore,* 114 F.3d at 605.

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed in forma pauperis and assess a filing fee of only $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). But if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed in forma pauperis, assess the entire $400 filing fee without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. *McGore,* 114 F.3d at 605.[3]

---

[2] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees…as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. Therefore, if Plaintiff is ultimately granted leave to proceed in forma pauperis in accordance with the PLRA, he will not be responsible for the additional $50 fee.

[3] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore,* 114 F.3d at 607; *see also In re Alea,* 286 F.3d 378, 381 (6th Cir. 2002).

**SO ORDERED**, this 14th day of May, 2019.

                                            s/Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE