# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| LEE MARL LITTLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02282-TLP-tmp |
| v. | ) | |
| | ) | |
| MEMPHIS POLICE DEPARTMENT, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
## NOTIFYING PLAINTIFF OF APPELLATE FILING FEE,
## AND DENYING AS MOOT REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff Lee Marl Little, Jr., an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), sued pro se under 42 U.S.C. § 1983 and moved to proceed in forma pauperis. (ECF Nos. 1 & 4.) The Court granted leave to proceed in forma pauperis and assessed the civil filing fee under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)–(b). (ECF No. 5.) The Court directs the Clerk to record the Defendants as the Memphis Police Department ("MPD"); Detectives D. Gooch, R. Jackson, D. Smith, J. Myers, M. Stephens, R. Tabor, I. Ruiz, and J. Gross; and the Memphis City Attorney.

## BACKGROUND

Plaintiff contests actions of MPD detectives leading to his arrest on firearm and drug charges. He contests the warrant Detective Gooch provided supporting Plaintiff's traffic stop and later arrest. (*Id.* at PageID 3–5.) During the stop, Detective Gooch searched Plaintiff's car and found drugs. (*Id.* at PageID 7.) Plaintiff alleges MPD officers then took the drugs to his

home and searched the home without a warrant based on only a tip from an unnamed

confidential informant.  (ECF No. 1 at PageID 2–3.)  According to Plaintiff, Detective Gooch

found a firearm, ammunition, and "a large sum of money" in the home.  (*Id.* at PageID 7.)

Detective Gooch then "grouped" those items together with drugs in Plaintiff's car and

photographed them to make it appear "as though all of it were found solely at the home."  (*Id.*)

Plantiff alleges after the search, officers obtained "a correct warrant issued to support the illegal

search," but the warrant listed an incorrect address.  (*Id.* at PageID 8.)  Plaintiff asserts that

Detective Gooch "simply changed the address and wrote it in."  (*Id.*)

Plaintiff mentions no other detective but alleges that Detective Gooch, "and his support

staff, all colluded and conspired with each other, to participate in the lie that there was a warrant

supporting they're [sic] actions."  (*Id.* at PageID 5.)  Plaintiff asserts that the MPD and City

Attorney "are involved in one way or the other, all in they're [sic] individual and municipal

capacity, a[s] part of this illegal search and seizure of the petitioner."  (*Id.* at PageID 6.)  He

seeks to hold the MPD responsible for "hiring and supporting" Detective Gooch and the others

involved.  (*Id.* at PageID 3, 6.)  And he seeks to hold the unnamed Memphis City Attorney

responsible for "participating and colluding as to this illegal search and seizure."  (*Id.* at

PageID 3.)

Plaintiff sues Defendants in their individual capacities.  (*Id.* at PageID 2.)  He seeks

compensatory damages.  (*Id.* at PageID 8–9.)

**LEGAL STANDARDS**

**I.      Screening Requirements Under 28 U.S.C. § 1915A**

The Court has to screen prisoner complaints and to dismiss any complaint, or any portion

of it, if the complaint—

(1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)     seeks monetary relief from a defendant who is immune from that relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

As to step one, in assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth" because they are not "factual" and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. And Federal Rule of Civil Procedure 8 provides guidance on this issue.

Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts conducting the screening analysis will accord slightly more deference to pro se complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v.*

*Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se

complaint for failure to comply with "unique pleading requirements" and stating "a court cannot

'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l*

*Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

**II.     Requirements to State a Claim Under 42 U.S.C. § 1983**

Although Plaintiff is a federal inmate, he properly sued under 42 U.S.C. § 1983.  To state

a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by

the "Constitution and laws" of the United States, and (2) that a defendant caused harm while

acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  For his

complaint to succeed, Plaintiff must satisfy these requirements.

**ANALYSIS**

**I.     Plaintiff Does Not State a Claim Against the MPD**

Plaintiff sues the MPD.  But the MPD is a division of city government.  It is not an entity

subject to suit under § 1983.  *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir.

2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).  Plaintiff's claims against

the MPD are construed as against the City of Memphis, which may be held liable *only* if an

unconstitutional custom or policy of the city causes Plaintiff's injuries.  *See Monell v. Dep't. of*

*Soc. Serv.*, 436 U.S. 658, 691–92 (1978).  To show municipal liability, Plaintiff "must

(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3)

show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*,

330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th

Cir. 1993)).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the

*municipality* from acts of *employees* of the municipality, and thereby make clear that municipal

liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986) (emphasis in original)).

Plaintiff does not allege that Detective Gooch acted under an official policy or custom of the City of Memphis. He instead alleges that Detective Gooch, on his own initiative, acted illegally and violated Plaintiff's rights. His allegation that the MPD is "involved in one way or the other" is not enough to hold the City of Memphis or the MPD responsible for the actions of its employee.

**II.     Plaintiff Fails to Allege Any Conduct by Any Detective Other Than D. Gooch**

Plaintiff does not allege any misconduct against Detectives Jackson, Smith, Myers, Stephens, Tabor, Ruiz, or Gross. In fact, he does not mention any of these Defendants in his complaint outside the caption. The only mention of these Defendants is in an attachment to the complaint, but Plaintiff does not reference that attachment or allege that (or how) the Defendants violated his rights. (ECF No. 1-1 at PageID 11–12.) He therefore fails to state a claim against Detectives Jackson, Smith, Myers, Stephens, Tabor, Ruiz, or Gross. *See Twombly*, 550 U.S. at 570 (holding that a complaint that fails to allege any action by a Defendant necessarily fails to "state a claim for relief that is plausible on its face").

**III.    Plaintiff's Claims Are Barred**

Plaintiff's allegations challenge the search and seizure underlying his arrest and the arrest itself leading to criminal charges. Plaintiff pleaded guilty to some of those charges, and this Court sentenced him to 120 months' imprisonment. *See United States v. Little*, 2:17-cr-20269-TLP, ECF Nos. 68–70 (W.D. Tenn. Jan. 15, 2019). Plaintiff's appeal remains pending. *See United States v. Little*, Case No. 19-5064 (6th Cir.). The Supreme Court has held that "a

state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *see Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Success on the merits of Plaintiff's suit would show the invalidity of his conviction and detention. He alleges that Detective Gooch illegally stopped him, searched his home without a warrant, arrested him without probable cause, and produced a faulty warrant later to justify his actions. Plaintiff contends that the Memphis City Attorney in some way aided and colluded with Gooch. If the Court were to find in Plaintiff's favor on those claims, his conviction would be questioned. But Plaintiff's conviction has not been invalidated. His claims are therefore premature, and this § 1983 suit is barred.

For all these reasons, Plaintiff's Complaint fails to state a claim for relief and is dismissed.

## AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). But courts need not grant leave to amend where an amendment cannot cure the deficiency. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua

sponte dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").  Because Plaintiff cannot cure the deficiencies in his complaint presently this Court holds that leave to amend is not warranted here.

### APPELLATE ISSUES

Under 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff here would be taken in good faith.  The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal in forma pauperis.  *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.  This Court therefore CERTIFIES, under 28 U.S.C. § 1915(a)(3), that any appeal by Plaintiff would not be taken in good faith.

The Court also addresses the assessment of the $505 appellate filing fee if Plaintiff still appeals the dismissal of this case.  A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to benefit from the installment procedures in § 1915(b).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951.  *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)–(b).  The Court therefore instructs Plaintiff

7

that, if he wishes to benefit from the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated in forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike will take effect when this Court enters judgment. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015).

## CONCLUSION

In conclusion, the Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). And leave to amend is DENIED. The Court also CERTIFIES that any appeal here would not be taken in good faith.

Plaintiff also requested appointment of counsel. (ECF No. 1 at PageID 9.) Because the Court is dismissing the complaint, Plaintiff's request is DENIED as moot.

**SO ORDERED**, this 30th day of October, 2019.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE